UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS MOORE, Personal
Representative of the Estate of Cathy
Ajami-Moore, Deceased,

    Plaintiff,

v.

MACOMB COUNTY, et al.,

    Defendants.

_____/

Case No. 20-11154

HON. DENISE PAGE HOOD

**ORDER GRANTING MOTION TO DISMISS
FOR FAILURE TO PROSECUTE (ECF No. 71),
GRANTING MOTION FOR SUMMARY JUDGMENT (ECF No. 68),
and
DISMISSING THIS ACTION**

This matter is before the Court on a Motion to Dismiss for Failure to Prosecute filed by the Remaining Defendants Wellpath LLC, Haque Shamael, Laura Maurer and Amber Stephenson-Laforest pursuant to Rule 41(b) of the Rules of Civil Procedure. To date, no response has been filed to the motion.

Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court. *Knoll v. AT&T,* 176 F.3d 359, 362–63 (6th Cir.1999). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the

tax-supported courts and opposing parties." *Id*. at 363 (brackets and internal quotation marks omitted). A district court therefore "must be given substantial discretion in serving these tasks." *Id.*; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). Four factors are considered in reviewing a district court's dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll*, 176 F.3d at 363. The factors "have been applied more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir.1997). "Although typically none of the factors is outcome dispositive, ... a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

As to the first factor that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005) (brackets and internal quotation marks omitted). The remaining

Defendants argue that Plaintiff's continued pattern of delays and inaction on the face of court ordered deadlines is sufficient evidence of bad faith or fault. Defendants' motion set forth the various delays engaged in by Plaintiff during this litigation. The docket reflects many of these actions or inaction. See, ECF Nos. 28, 55, 57, 69. It is noted Plaintiff filed no response to the Remaining Defendants' Motion for Summary Judgment (ECF No. 68) and the instant motion (ECF No. 71) The Remaining Defendants claim that they have attempted to accommodate Plaintiff's repeated delays and failures to participate in discovery. (ECF No. 71 PageID.1027-1028) Plaintiff's action or inaction establishes bad faith and fault.

    Regarding the second factor as to whether the Remaining Defendants was prejudiced by Plaintiff's conduct, Defendants have shown that Plaintiff has failed to cooperate in discovery and to respond to any of the latest motions, which the Sixth Circuit has held is prejudice because of the wasted time, money and effort in pursuit of cooperation which the plaintiff was legally obligated to provide. *Id*. at 643-644. Considering Plaintiff failed to respond to the instant Motion to Dismiss for failure to prosecute, failed to respond to the Motion for Summary Judgment, in addition to the failure to provide or delay in providing discovery as outlined by Defendants in their motion, the Remaining Defendants have been prejudiced.

Addressing the third factor as to whether Plaintiff was given fair warning that failure to cooperate would result in dismissal, the Remaining Defendants assert that at the February 2023 status conference, that Plaintiff was to comply with the new dates regarding discovery and filings of motions and that if Plaintiff did not do so, the Court would entertain dismissal. "[I]n the absence of notice that dismissal is contemplated[,] a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'" *Id.* at 644 (citation omitted). As noted above, Plaintiff has not fully cooperated in discovery. The Remaining Defendants have filed two summary judgment motions because of Plaintiff's assertion before the Court that discovery was further required, and that Plaintiff would cooperate during the extended discovery. Plaintiff has engaged in bad faith or contumacious conduct by failing to cooperate during the extended discovery at Plaintiff's request and failing to respond to the Motions for Summary Judgment.

Less drastic sanctions have been imposed on Plaintiff, other than dismissal, in that an Order granting Defendants' Motion to Compel allowing Plaintiff to meet the discovery requests. An Order extending dates at Plaintiff's request was entered even though Plaintiff failed to respond to the Remaining Defendants' first Motion for Summary Judgment. The Court extended various deadlines at

Plaintiff's request in this matter, but despite doing so, Plaintiff failed to respond to certain discovery requests and did not respond to Defendants' Motion for Summary Judgment.

Applying the factors noted above, the Court finds that dismissal for failure to prosecute in this action as set forth above and in the Remaining Defendants' motion. A dismissal with prejudice under Rule 41(b) is warranted only when a "clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve the interests of justice." *Hall v. White*, 817 F.2d 756 (6th Cir. 1987). This action is dismissed with prejudice in that the record is clear as to Plaintiff's delay or contumacious conduct in these proceedings as it pertains to the Remaining Defendants.

In addition to the above, the Court finds that Plaintiff abandoned his claims against the Remaining Defendants for failure to respond to the second Motion for Summary Judgment. The Sixth Circuit's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment. *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013); *see Hicks v. Concorde Career Coll.*, 449 F. App'x. 484, 487 (6th Cir.2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address

it in a response to a motion for summary judgment); *Clark v. City of Dublin*, 178 F. App'x. 522, 524–25 (6th Cir.2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim); *Conner v. Hardee's Food Sys.*, 65 F. App'x 19, 24–25 (6th Cir.2003). Accordingly, the Court finds that Plaintiff abandoned the claims for Violations of United States Constitutional Rights Pursuant to 42 U.S.C. § 1983 as to Defendants Wellpath, Dr. Shamael Haque, Laura Maurer, and Amber Stephenson-Laforest as alleged in Counts I, II, and III.

Accordingly,

IT IS ORDERED that the Motion to Dismiss for Plaintiff's Failure to Prosecute (ECF No. 71) is GRANTED.

IT IS FURTHER ORDERED that the Remaining Defendants' Motion for Summary Judgment (ECF No. 68) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice for lack of prosecution pursuant to E.D. Mich. LR 41.2 and Rule 41(b) of the Rules of Civil Procedure and on the merits as set forth in the uncontested Motion for Summary Judgment. This case is designated as CLOSED on the Court's docket.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 8, 2024